O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNETTE BRITTON CORDERO,<br><br>    Plaintiff,<br><br>    v.<br><br>BANK OF AMERICA,<br><br>    Defendant. | Case No. CV 13-02591 DDP (MRWx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>[Dkt. Nos. 11, 12, 15] |

Presently before the court is Plaintiff's Motion to Remand and Defendant Bank of America's Motion to Dismiss. Having considered the submissions of the parties, the court denies Plaintiff's Motion to Remand, grants Defendant's Motion to Dismiss, and adopts the following order.

**I.  Background**

On March 15, 2006, Angela Britton Del Rio (Ms. Del Rio) and her late husband executed a $650,000 promissory note in favor of Instant Capital Funding Group, Inc. for the purchase of property at 17031 Paulette Place, Granada Hills, California. (First Amended Complaint ¶¶ 8-9.)  The loan was secured by a Deed of

Trust listing Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee and beneficiary. (FAC ¶9)  On September 22, 2010, MERS executed an Assignment ("the Assignment") of all beneficial interest in the Deed to Defendant's predecessor in interest.  (FAC ¶¶ 2, 12-13.)

The FAC alleges a First Cause of Action for cancellation of the Assignment under California Civil Code Section 3412 and a Second Cause of Action for unfair business practices pursuant to California Business & Professions Code Section 17200.[1]  The crux of Plaintiff's complaint is that the Assignment is invalid, and no transfer of any interest in the Deed to Bank of America ever occurred.  (FAC ¶ 16.)  Defendant now moves to dismiss the FAC.

**II.  Legal Standard**

Under 28 U.S.C. § 1441, a court has removal jurisdiction pursuant to 28 U.S.C. § 1332(a) when there is complete diversity of citizenship and the amount in controversy exceeds $75,000. Where the complaint does not include a particular damages figure, the removing defendant must demonstrate, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir.1996); see Gaus, 980 F.2d at 567 (finding that the party seeking removal bears the burden of establishing federal jurisdiction if the complaint leaves the amount in controversy unclear or ambiguous).

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to

---

[1] Plaintiff's Request to Voluntarily Dismiss Plaintiff's Third Cause of Action for violations of California Civil Code Sections 2923.5 and 2924 is granted.

2

relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." Id. at 679. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. Id. at 678 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id. at 679. Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." Twombly, 550 U.S. at 555. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

///
///
///

3

**III. Discussion**

    A.   Amount in Controversy

    Plaintiff argues that the $75,000 threshold for diversity jurisdiction is not met because she does not seek rescission of her $650,000 loan. (Remand Mot. at 2-4.) Though Plaintiff cites to <u>Ramirez v. U.S. Bank N.A.</u> and <u>Gaspar v. Wachovia Bank</u>, neither case supports Plaintiff's position. In <u>Ramirez</u>, the court remanded where the Plaintiff amended his complaint to clarify that he was seeking postponement of a foreclosure sale and $65,000 in compensatory damages. <u>Ramirez v. U.S. Bank N.A.</u>, No. C-12-0851 MEJ, 2012 WL 2838798 at *2 (N.D. Cal. Jul. 10, 2012). In <u>Gaspar</u>, the plaintiff sought only a loan modification and unspecified damages. <u>Gaspar v. Wachovia Bank</u>, No. C 10-3597 SBA, 2011 WL 577416 at *4 (N.D. Cal. Feb. 9, 2011). Here, in contrast, Plaintiff seeks to cancel the Assignment of the Deed to Bank of American and establish that Defendant has no interest whatsoever in the Deed. While the exact value of the property is unclear, the loan amount was $650,000, and Plaintiff was over $79,000 in arrears by September 2010. (FAC Exs. A, C.) The court is therefore satisfied that the jurisdictional minimum is met. Plaintiff's Motion to Remand is DENIED.

    B.   Cancellation of Written Instrument

    Under California Civil Code Section 3412, a person may seek to cancel a written instrument if there is a "reasonable apprehension that if left outstanding it may cause serious injury to [that] person[,] against whom it is void or voidable." Cal. Civ. Code § 3412; <u>Nguyen v. Bank of America Nat'l Ass'n</u>, No. 11-CV-3318-LHK, 2011 WL 5574917 at * 5 (N.D. Cal. Nov. 15, 2011).

4

The Assignment, however, is an agreement between MERS and Defendant.  Plaintiff is neither a party to nor a beneficiary of that agreement.  Even if there were some flaw in MERS' assignment of the Deed to Defendant, the Assignment would not change Plaintiff's debt obligation, and therefore would not harm Plaintiff.  <u>Flores v. GMAC Mortgage, LLC</u>, No. C. 12-794 SI, 2013 WL 2049388 at *3 (N.D. Cal. May 14, 2013).  Absent some allegation of specific harm or serious injury to Plaintiff, she lacks standing to challenge MERS' Assignment of the Deed to Defendant.[2]  <u>Tatola v. HSBC Bank USA</u>, No. C-11-3994 MMC, 2011 WL 5025072 at *3 (N.D. Cal. Oct. 21, 2011) (dismissing Section 3412 claim); <u>See also</u> <u>Steele v. First Magnus Fin, Corp.</u>, No. 12-cv-5054-RS, 2013 WL 4039976 at *2 (N.D. Cal. Aug. 7, 2013); <u>Soberanis v. MERS</u>, No. 13-CV-1296-H, 2013 WL 4046458 at *7 (S.D. Cal. Aug. 8, 2013).

    C.   Unfair Competition

California's unfair competition law (UCL) proscribes business practices that are unlawful, fraudulent, or unfair.  Cal. Bus. & Profs. Code § 7200; <u>Davis v. HSBC Bank Nevada, N.A.</u>, 691 F.3d 1152, 1168-69 (9th Cir. 2012).  To state a claim under the UCL, a plaintiff must allege (1) economic injury that (2) resulted from the alleged improper practice.  Cal. Bus. & Prof. Code § 17204; <u>Kwikset Corp. v. Superior Court</u>, 51 Cal.4th 310, 322 (2011).

Here, Plaintiff contends that she has been harmed because the title to her home has been clouded and because she has spent funds

---

[2] While the FAC does make some vague reference to clouded title upon Plaintiff's property, such allegations appear to refer to Plaintiff's withdrawn cause of action under California Civil Code Sections 2923.5 and 29324, which centered upon a Notice of Default and Notice of Trustee's sale.  (FAC ¶ 20.)

on attorneys' fees.  (FAC ¶ 43.)  Potential clouds on title, however, do not constitute a loss of money or property, as is required to establish economic injury under the UCL.  <u>Hunt v. U.S. Bank, Nat'l Ass'n</u>, No. EDCV 12-2171-VAP, 2013 WL 1398964 at *9 (C.D. Cal. Apr. 3, 2013); <u>Gyene v. Steward Fin., Inc.</u>, No. CV 12-4355 DSF, 2013 WL 146191 at *4 (C.D. Cal. Jan. 11, 2013); <u>Phong Tran v. Bank of America, N.A.</u>, No. 12-4504 PSG, 2013 WL 2368048 at *4 (N.D. Cal. May 29, 2013).  Nor are Plaintiff's legal expenses sufficient to confer standing under the UCL.  <u>Thompson v. Residential Credit Solutions, Inc.</u>, No. CIV 2:11-2261 WBS, 2012 WL 260357 at *5 (E.D. Cal. Jan. 26, 2012) ("Under Plaintiff's reasoning, a private plaintiff bringing a UCL claim automatically would have standing merely by filing suit." (quotation and citation omitted).  Absent any injury in fact, Plaintiff's UCL claim must be dismissed.

**IV. Conclusion**

    For the reasons stated above, Plaintiff's Motion to Remand is DENIED and Defendant's Motion to Dismiss is GRANTED.  Because amendment would be futile, Plaintiff's claims are dismissed with prejudice.

IT IS SO ORDERED.

Dated: August 28, 2013

                                      DEAN D. PREGERSON
                                      United States District Judge